(60 Misc. Rep. 363.)

FREEHOLD CONST. CO. v. BERNSTEIN et al.

(Supreme Court, Special Term, New York County. August, 1908.)

1. BANKRUPTCY (§ 114*)—RECEIVERS—TITLE.
   A receiver in bankruptcy does not succeed to the title of the bankrupt, but is a mere custodian.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 165; Dec. Dig. § 114.*]

2. BANKRUPTCY (§ 156*)—TRUSTEES—RIGHTS AS TO PENDING ACTIONS.
   A motion by the trustees in bankruptcy of a defendant in foreclosure joined because of its guaranty of the mortgage to vacate the judgment of sale and deficiency judgment, and to substitute such trustees in place of such defendant with the right to plead, will be denied, where such relief cannot be granted without great prejudice to the rights of the necessary parties and the trustees had notice of the proceedings and of the time of sale six days before it took place, which was several months prior to the motion, and no excuse for their delay is shown or irregularity in the proceedings.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 241; Dec. Dig. § 156.*]

Motion by the trustees in bankruptcy of the Atlantic Cement Company for an order vacating a judgment of sale and deficiency judgment in a foreclosure suit by the Freehold Construction Company against Benjamin F. Bernstein, the Atlantic Cement Company, and others, and substituting such trustees in place of the Atlantic Cement Company with the right to interpose an answer upon the merits. Motion denied.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Robert R. Howard, for motion.
Middleton S. Borland and Charles H. Edwards, opposed.

BISCHOFF, J. The Atlantic Cement Company, joined as a party because of its guaranty of the mortgage, was served with the summons and complaint on October 3, 1907. Bankruptcy proceedings were instituted against this defendant on September 27, 1907; and on September 28th a receiver in bankruptcy was appointed. The action went to judgment of foreclosure and sale on October 30th (after an adjudication in bankruptcy on October 23d), and on November 7th trustees in bankruptcy were elected and appointed. A sale under the judgment on November 21st resulted in a deficiency, for which deficiency judgment was docketed against the Atlantic Cement Company on November 23d. The trustees in bankruptcy, asserting the existence of a defense to the guaranty, now move to open the judgment in the action, to set aside the sale and for leave to come in and litigate the question of the bankrupt's obligation by virtue of the guaranty. The foreclosure proceedings were, in no sense, irregular. Indeed, it would appear that the question of regularity is not raised; and the motion is based upon the alleged necessity for protection to the creditors of the bankrupt and upon the merits of the defense. The receiver in bankruptcy did not succeed to the title of the bankrupt and was a mere custodian (Guaranty Title & Trust Co. v. Pearlman [D. C.] 144 Fed. 550); and, if the receiver were joined as a party to the foreclosure, the sole purpose and effect would be to cut off such temporary right of possession as he had acquired. By the appointment of trustees who succeeded to the title which theretofore rested in the bankrupt, the receiver's right of possession necessarily came to an end; and that possession was not sought to be affected by the proceedings taken in the action until it had, in fact, been terminated, after judgment, but before the sale, by the appointment of the trustees in bankruptcy. Prior to the commencement of the action and before bankruptcy, this defendant had conveyed the premises in suit; and, assuming that the conveyance might have been the subject of attack by the trustees because made within the four months' period, had these trustees made seasonable application to come in for the purpose; the fact remains that at the time when the action was commenced all necessary parties were joined and the title of the purchaser at a sale under the judgment was not affected with any irregularity. See Eyster v. Gaff, 91 U. S. 521, 23 L. Ed. 403. There is no suggestion in the moving papers that an attack upon the conveyance of the bankrupt is contemplated. A defense to the guaranty is indicated, and the proceedings are sought to be opened simply for the purpose of litigating that defense, to the end that the deficiency judgment against the bankrupt may be avoided; but, as the facts appear, this relief cannot be granted without great prejudice to the rights of necessary parties which have intervened since the appointment of trustees and during the latter's inaction. It appears that these trustees had notice of the condition of the proceedings and of the time of the sale some six days before the sale took place, which was several months prior to the making of the present motion. Reasonable diligence would have required the trustees to have applied for relief

113 N.Y.S.—24

at that time; but they apparently took no steps whatever during the succeeding six months, and their papers contain no word of excuse for the delay.

The plaintiff took title at the sale, and some two or three months later mortgaged the premises, and then sold them, the mortgagee and the grantee both having parted with value upon the faith of the record title, acquired while the present moving parties silently stood by. Under the circumstances, I conclude that, while the trustees may have a defense to the guaranty, they have lost their right to assert it through laches; and the motion to open the proceedings, as prayed, is therefore denied, with $10 costs.

Motion denied, with $10 costs.